**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KECITE RENEE SMITH, #259952**                                  **CIVIL ACTION**

**VERSUS**                                                                              **NO. 24-1892**

**COVINGTON POLICE DEPARTMENT, ET AL.**              **SECTION: "M"(1)**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, Kecite Renee Smith, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.  In this lawsuit, she complains that the Covington Police Department harasses her by arresting her.

Federal law requires that this matter be screened.  For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

> (i)        is frivolous or malicious;
> (ii)       fails to state a claim on which relief may be granted; or
> (iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, the statute similarly provides:

---

[1] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

As explained below, plaintiff's complaint, even when liberally construed,[2] fails to name a proper defendant. For that reason, it should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

As noted, plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> causes to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.  Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."  West v.

Atkins, 487 U.S. 42, 48 (1988).

In this lawsuit, plaintiff sued the following defendants:  "Covington Police Department"

and "7 Policemans."[3]  Neither is proper for the following reasons.

Because it simply is not a suable entity, "Covington Police Department" is an improper

defendant.  "In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law

governs whether [a defendant] can be sued.  Under Louisiana law, a sheriff's office, or police

department, is a non-entity incapable of being sued."  Hemphill v. Lopez, Civ. Action No. 13-

4768, 2015 WL 4168194, at *3 (E.D. La. July 9, 2015) (footnote omitted); accord Williams v.

Houma Police Department, Civ. Action No. 20-0040, 2020 WL 4808651, at *4 (E.D. La. July 14,

2020) ("[F]ederal courts have consistently held that the city police departments in Louisiana lack

juridical capacity."), adopted, 2020 WL 4785079 (E.D. La. Aug. 18, 2020); Perry v. Paz, No. 16-

17653, 2017 WL 9362585, at *2 (E.D. La. Mar. 3, 2017) ("[A] police department is not a legal

entity or person capable of being sued.  The State of Louisiana grants no such legal status to any

law enforcement office or department." (citations omitted)), adopted, 2017 WL 1045679 (E.D. La.

Mar. 20, 2017).  Given that a Louisiana municipal police department is not capable of being sued,

"Covington Police Department" is not a proper defendant; therefore, the claims against it should

be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.  See

---

[3] See Rec. Docs. 9 and 10.

Hemphill, 2015 WL 4168194, at *3; Williams, 2020 WL 4808651, at *5; Perry, 2017 WL 9362585, at *2.

Likewise, "7 Policemans" is not a proper defendant. A plaintiff must identify all defendants by name. See, e.g., Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010) ("Plaintiff may not pursue claims against the unidentified medical personnel and/or sheriff deputies .... A § 1983 action must be filed against an actual identified person."); see also Fletcher v. Louisiana, Civ. Action No. 23-2001, 2023 WL 6967423, at *6 (E.D. La. Sept. 11, 2024) ("[T]o state a claim under § 1983, a plaintiff must identify both the constitutional violation and the *responsible person* acting under color of state law. Plaintiff's failure to identify the officers who allegedly [violated her rights] renders [her] claim insufficient on its own." (emphasis in original)), adopted, 2023 WL 6961806 (E.D. La. Oct. 20, 2023); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009) ("[A] § 1983 action must be filed against an actual identified person."); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). Plaintiff has not done so. Accordingly, her claims against the unidentified defendants (namely, "7 Policemans") should be dismissed with prejudice. Dickerson v. Louisiana, Civil Action No. 23-2259, 2023 WL 7089720, at *1 n.4 (E.D. La. Oct. 26, 2023); Hill, 2010 WL 111062, at *1 and 3.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   13th   day of November, 2024.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**